

FILED

JUN 29 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

ROBERT GELINA,

Petitioner,

vs.

JAMES SALMONSEN,

Respondent.

Cause No. CV 18-73-H-DLC-JTJ

ORDER AND FINDINGS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

On June 20, 2018, Petitioner Robert Gelina filed this action under 28 U.S.C. § 2254.[1] Gelina is a state prisoner proceeding pro se. For the reasons set forth below, Gelina's petition should be dismissed.

I.     **Motion for Leave to Proceed in Forma Pauperis**

Gelina moves for leave to proceed in forma pauperis. (Doc. 2). Although he has not yet provided the requisite prisoner account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be GRANTED.

I.     **28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Gelina's claims are unexhausted, his petition should be dismissed without prejudice.

## II. Procedural History/Gelina's Claims

Gelina pled guilty to two counts of forgery by common scheme in Montana's First Judicial District, Lewis and Clark County. *See e.g., State v. R. Gelina*, DA-15-210, Br. of Appellant at 1 (filed Feb. 9, 2016). On February 17, 2015).[2] The district court committed Gelina to the Montana Department of Corrections for 10 years with five of the years suspended, on both counts, and ordered the sentences to run concurrently. *Id.*

Gelina was assigned a parole eligibility date of May 18, 2016. In February of 2017, Gelina was to appear before the Montana Board of Pardons and Parole, but he waived his hearing and advised the Board he was attempting to get into programming and obtain clear conduct.[3] In April of 2017, Gelina was granted

---

[2] All state court briefing and opinions available at: https://supremecourtdocket.mt.gov/ (accessed June 27, 2018).
[3] *See*, Montana Board of Pardons and Parole: https://bopp.mt.gov/Dispositions (February 2017

2

parole conditioned upon his completion of pre-release and several conditions, including: chemical dependency counseling, mental health counseling, and compliance with his court ordered conditions.[4] In February of 2018, Gelina's parole was rescinded and he was scheduled to re-appear before the Board in October of 2018.[5] Gelina was also ordered to obtain an updated chemical dependency evaluation and follow all the recommendations. He was advised he could request a return to appear before the Board once the evaluation was completed.[6]

Although it is unclear exactly when, Gelina became involved in disciplinary proceedings at the prison. *See*, Pet. (Doc. 1 at 4, ¶ 13 (A)(i). Gelina claims prison officials were biased against him during the disciplinary proceedings, that he was not provided an unbiased hearing officer, and that the hearing officer did not follow proper procedure. *Id*. Gelina also asserts he was denied the right to present witnesses that would have established his innocence. He also maintains that because the appeal process is only reviewed internally within the prison, he has no prospect of an unbiased decision. *Id*. at 5, ¶ 13 (B)(i). Gelina claims all of these acts occurred in violation of his right to due process. Gelina has not attempted to

---

Final Board Dispositions) (accessed June 27, 2018).
[4] Montana Board of Pardons and Parole: https://bopp.mt.gov/Dispositions (April 2017 Final Board Dispositions) (accessed June 27, 2018).
[5] Montana Board of Pardons and Parole: https://bopp.mt.gov/Dispositions (February 2018 Final Board Dispositions) (accessed June 27, 2018).
[6] *Id*.

3

present these claims, via collateral review, to the Montana Supreme Court for consideration. *Id.* at 4-6.

Gelina asks this Court to overturn his write-ups and order him released to parole. *Id.* at 7, ¶ 16.

### III. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

4

give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the due process claims Gelina attempts to advance. As set forth above, Gelina has yet to seek collateral review, including a state petition for habeas corpus relief. Before Gelina can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Gelina has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Gelina to return to this Court if and when he fully exhausts the claims relative to his current custody.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

5

§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Gelina has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

Gelina's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

### RECOMMENDATION

1. Gelina's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gelina may object to this Findings and Recommendation within 14 days.[7] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Gelina must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of June, 2018.

　　　　　　　　　　　　　　　　　　/s/ John Johnston
　　　　　　　　　　　　　　　　　　John Johnston
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[7] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Gelina is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.